UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OVERSEAS CARRIERS, INC. | |
| Plaintiff, | CIVIL ACTION NO. _____ |
| VERSUS | |
| | JUDGE: |
| TEAM OCEAN SERVICES – DALLAS, INC., TEAM OCEAN SERVICES, INC., and TEAM WORLDWIDE, INC. | |
| | MAG. JUDGE: |
| Defendants. | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Overseas Carriers, Inc. ("OCI"), made plaintiff in this action, and avers for its Complaint as follows:

### Jurisdiction

1.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333, as this is a civil action involving a maritime contract. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action involves a federal question arising under the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq.

## Venue

2.

Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

## Parties

3.

Plaintiff OCI is a Texas corporation with its principal place of business within the State of Texas.

4.

Defendant Team Ocean Services – Dallas, Inc. ("TOS-Dallas"), is a Texas corporation or the assumed name of a Texas corporation authorized to do business and doing business in Texas, and can be served with process through its registered agent, Clifford R Honeycutt, 639 W. Broadway, Winnsboro, TX 75494.

5.

Defendant Team Ocean Services, Inc. ("TOS"), is a Texas corporation authorized to do business and doing business in Texas, and can be served with process through its registered agent, Clifford R Honeycutt, 639 W. Broadway, Winnsboro, TX 75494.

6.

Defendant Team Worldwide, Inc. ("Team Worldwide") is a Texas corporation authorized to do business and doing business in Texas, and can be served with process through its registered agent, J. E. Brunson, 500 All Star Drive, Winnsboro, TX 75494.

7.

As set forth further below, Defendants TOS-Dallas, TOS, and Team Worldwide (occasionally referred to herein as "Defendants") are each the alter ego of the other, and all three operate as a single business enterprise.

**Background Facts**

8.

OCI is in the business of chartering and operating vessels for the movement of cargo worldwide.

9.

Defendants purport to be in the transportation logistics and ocean-transportation-intermediary and/or freight forwarding business.

10.

Defendants approached OCI regarding the shipment of silica sand from various points in Alabama, USA, to China.

11.

After negotiations, on or about May 14, 2009, OCI entered a Contract of Afreightment ("COA") with Defendants.

12.

By executing the COA, Defendants promised they would charter vessels provided by OCI to carry 5,000,000 metric tons of silica sand, frac sand, specialized gravel, and rock pellets in bulk (the cargo) in 100 equal shipments of minimum 50,000 metric tons each from Mobile Bay Ports, Alabama, to ports from Hong Kong to Dalian, China.

13.

By executing the COA, Defendants promised they would pay OCI at a rate of $47.00 USD per metric ton, for 50,000 metric tons minimum per shipment.

14.

The COA provided that it would be governed by and construed in accordance with United States law and that any dispute arising out of or in connection with the COA would be referred to arbitration in Houston, Texas, subject to the procedures applicable there.

15.

In reliance on the promises of Defendants as evidenced by the COA, OCI incurred losses, costs, and expenses in arranging transportation for the cargo, including the chartering of one or more vessels to move the cargo.

16.

Defendants breached the COA by failing to tender cargo for OCI to carry and failing to pay freight due under the COA.

17.

OCI demanded arbitration with Defendants on May 6, 2010.

18.

Defendants responded to OCI's arbitration demand by refusing to arbitrate, and claiming that the COA was not signed by a person authorized by them to execute the COA, or, in the alternative, that the signature of one of the Defendant's owners on the COA is a forgery.

19.

The COA was in fact signed by a person with actual authority to contract for Defendants and/or by persons cloaked by Defendants with such authority and/or was adopted and/or ratified by Defendants.

20.

Defendants had actual knowledge of their representative's execution of the COA on their behalf, and never informed OCI of any purported denial of that representative's authority or the authenticity of the signature, and led OCI to rely on the execution of the COA to its great detriment.

21.

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-9, OCI petitions this Court to order the parties to arbitrate their differences, as provided in the COA.

22.

Further, and again pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-9, after due proceedings before the arbitrator be had, OCI seeks confirmation of the decision rendered by the arbitrators.

23.

At all material times, there existed such unity of ownership and interest between defendants TOS-Dallas, TOS, and Team Worldwide that no real separation existed between them, and the corporate form of defendants TOS-Dallas and TOS has been disregarded such that defendant Team Worldwide primarily transacted its business and the business of defendants TOS-Dallas and TOS, and, therefore, they are the alter-egos of each other, or vice versa.

24.

At all material times, defendant Team Worldwide and defendants TOS-Dallas and TOS have or had overlapping ownership, managements, personnel and purposes such that defendants Team Worldwide, TOS-Dallas and TOS did not and do not operate at arms length.

25.

Upon information and belief, defendants Team Worldwide, TOS-Dallas and TOS have had common addresses and common contact information such that the defendants TOS-Dallas and TOS have or had no independent corporate identity from the defendant Team Worldwide.

26.

At all material times, there has been an intermingling of funds between defendants Team Worldwide, TOS-Dallas and TOS.

**WHEREFORE**, Overseas Carriers, Inc., prays that after due proceedings are had, there be judgment rendered in favor of OCI against Defendants and that the Court (1) order the parties to binding arbitration per the Contract of Afreightment between the parties, (2) after due proceedings before the arbitrators, confirm the arbitrators' decision, and (3) for all other general and equitable relief to which OCI may be entitled.

**Respectfully submitted,**

By: _____*/s/ Evan T. Caffrey*_____
EVAN T. CAFFREY (Texas Bar No. 03588650; S.D. of Texas I.D. No. 13178)
5906 Patton St.
New Orleans, Louisiana 70115
Telephone: (504) 214-0198
e-mail: event@bellsouth.net

**ATTORNEYS FOR PLAINTIFF, OVERSEAS CARRIERS, INC.**