IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OVERSEAS CARRIERS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. 4:10-CV-02842 |
| TEAM OCEAN SERVICES – DALLAS, | § | |
| INC.; TEAM OCEAN SERVICES, INC., | § | |
| AND TEAM WORLDWIDE,INC. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT TEAM OCEAN SERVICES, INC.'S ORIGINAL ANSWER

**TO THE HORORABLE JUDGE OF SAID COURT:**

Defendant Team Ocean Services, Inc., files its Answer to Plaintiff's Complaint and respectfully shows the Court the following:

1. As to Paragraph 1 of Plaintiff's Complaint, Team denies that this Court has Subject Matter Jurisdiction as jurisdiction is based entirely on the existence of a maritime contract with a provision to arbitrate. Team would show the Court that no maritime contract exists between it and Plaintiff. Therefore, there is no other basis for jurisdiction, either federal question or diversity.

2. As to Paragraph 2 of Plaintiff's Complaint, Team denies that the Southern District is the appropriate venue for this dispute as Team does not reside in the Southern District and there is no contract between Team and Plaintiff. Therefore, there are no events giving rise to a claim against Team which occurred in the Southern District.

3. As to Paragraph 3 of Plaintiff's Complaint, Team admits that OCI is a Texas Corporation with its principal place of business within the State of Texas.

4. As to Paragraph 4 of Plaintiff's Complaint, Team denies knowledge of the existence of any entity as set out by Plaintiff.

5. As to Paragraph 5 of Plaintiff's Complaint, Team admits the allegations as set out by Plaintiff.

6. As to Paragraph 6 of Plaintiff's Complaint, Team admits the allegations as set out by Plaintiff.

7. As to Paragraph 7 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

8. As to Paragraph 8 of Plaintiff's Complaint, Team admits the allegations as set out by Plaintiff.

9. As to Paragraph 9 of Plaintiff's Complaint, Team admits it is in the transportation logistics and ocean-transportation industry.  Team denies that it has knowledge that either of the remaining Defendants engaged in the transportation logistics and ocean-transportation industry as set out by Plaintiff.

10. As to Paragraph 10 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

11. As to Paragraph 11 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

12. As to Paragraph 12 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

13. As to Paragraph 13 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

14. As to Paragraph 14 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

15. As to Paragraph 15 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

16. As to Paragraph 16 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

17. As to Paragraph 17 of Plaintiff's Complaint, Team denies that a demand for arbitration was sent to Defendant Team.

18. As to Paragraph 18 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

19. As to Paragraph 19 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

20. As to Paragraph 20 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

21. As to Paragraph 21 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.  Team further denies the existence or formation of any contract with Plaintiff.

22. As to Paragraph 22 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

23. As to Paragraph 23 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

24. As to Paragraph 24 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

25. As to Paragraph 25 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

26. As to Paragraph 26 of Plaintiff's Complaint, Team denies the allegations as set out by Plaintiff.

## AFFIRMATIVE DEFENSES

27. For further Answer, if same is necessary, Team would show that there is no formation of contract between it and Plaintiff. Team would further show that Plaintiff's Complaint does not allege that there is a contract between Team and Plaintiff.

28. For further Answer, if same is necessary, Team would show that to the extent Plaintiff has a written document with an alleged signature of a Team agent or representative such contract was obtained through fraud in the execution by Plaintiff.

29. For further Answer, if same is necessary, Team would show that there is no clear unmistakable evidence that Plaintiff and Team agreed to arbitrate.

30. For further Answer, if same is necessary, Team would show that the purported agreement to arbitrate itself is ambiguous, in that it contains conflicting and irreconcilable conflicts as it calls for arbitration in separate locations and purports to have multiple controlling law clauses. Team would further show that the "controlling provision" fails to set out enough details as to indicate an intent to arbitrate.

31. For further Answer, if same is necessary, Team would show that the alleged contract is unsigned.

32. For further Answer, if same is necessary, Team would show that the alleged signatory is not an agent of Team.

33. For further Answer, if same is necessary, Team would show that the alleged signatory did not have actual or apparent authority to execute the alleged contract on behalf of Team.

34. For further Answer, if same is necessary, Team would show that the alleged contract was obtained by fraud and/or conspiracy of Plaintiff and a third party.

Respectfully submitted,

**RUSSELL & WRIGHT,** PLLC

/s/ Michael C. Wright
Michael C. Wright
Federal Bar No. 20286
Texas Bar No. 22049807
Email: mwright@russellpllc.com
17855 Dallas Parkway, Suite 195
Dallas, Texas 75287
(972) 267-8400 (office)
(972) 267-8401 (fax)
**ATTORNEY FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing document was served on the following counsel of record by electronic filing with the Court on October 4, 2010:

Evan T. Caffrey
5906 Patton Street
New Orleans, LA 70115

                                                     /s/ Michael C. Wright
                                                     Michael C. Wright