```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | | |
|---|---|---|
| OVERSEAS CARRIERS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2842 |
| | § | |
| TEAM OCEAN SERVICES-DALLAS, | § | |
| INC., TEAM OCEAN SERVICES, | § | |
| INC., and TEAM WORLDWIDE, INC., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Defendants Team Ocean Services, Inc.'s and Team Worldwide, Inc.'s Motion to Dismiss (Document No. 12).[1] After carefully considering the motion, response, reply, and the applicable law, the Court concludes as follows.

I. Background

Plaintiff Overseas Carriers, Inc. ("Plaintiff") asserts that on June 5, 2009, it executed a contract of affreightment with Defendant Team Ocean Services-Dallas, Inc., the true name of which is evidently Team Ocean Services, Inc., which Defendants breached, causing Plaintiff to suffer more than $2.8 million in damages. Plaintiff alleges that all three Defendants are bound to the

---

[1] Plaintiff amended its complaint after Defendants filed this motion to dismiss. *See* Document No. 20 (First Am. Complt.). However, Defendants replied after the amended complaint was filed, reasserting their motion with respect to Plaintiff's alter ego claim. *See* Document No. 24 (Defendants' Reply).

contract by way of an alter-ego claim, through which it seeks to pierce the corporate veil and treat all Defendants as a single entity.[2]  Defendants Team Ocean Services, Inc. ("Team Ocean Services") and Team Worldwide, Inc. ("Team Worldwide") move to dismiss the alter-ego claim by which Plaintiff seeks to impose liability on Team Worldwide.[3]  Defendants assert that Plaintiff has failed to allege facts sufficient to hold Team Worldwide accountable for the alleged breach of contract by Team Ocean Services.[4]

Defendants contend that, under Texas law, Plaintiff must allege actual fraud to pierce the corporate veil, and did not do so.[5]  Defendants concede that Plaintiff has pled sufficient facts to state a breach of contract claim against Team Ocean Services.[6]

## II.  Legal Standards

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P.

---

[2] Id. ¶ 7.

[3] Team Ocean Services-Dallas, Inc. has not moved or answered, and Defendant Team Ocean Services, Inc. believes that Team Ocean Services-Dallas, Inc. is a non-existent entity. See Document No. 9 at 1.

[4] Plaintiff never alleges that Team Worldwide, Inc. was a signatory to the contract. See Document No. 20 ¶¶ 18, 57. Plaintiff has not submitted the contract to the Court.

[5] Document No. 24 at 3 (Defendants' Reply).

[6] Id. at 1.

12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  Although the exact pleading requirements for Rule 9(b) are case-specific, *see* Guidry v. Bank of LaPlace, 954 F.2d 278, 288 (5th Cir. 1992), the Fifth Circuit "requires that the plaintiff allege 'the particulars of time, place, and contents of false representations,' as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud."  U.S. *ex rel*. Willard v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 384 (5th Cir. 2003) (citations omitted).

### III.   Alter Ego Claim

A.   Applicable Law

As a preliminary matter, the parties dispute whether federal admiralty law or Texas law applies to the contract and questions of contract formation.  However, "the federal and state alter ego tests are essentially the same."  United States v. Jon-T Chems., 768 F.2d 686, 690 n.6 (5th Cir. 1985) ("Our non-diversity alter ego cases have rarely stated whether they were applying a federal or state standard, and have cited federal and state cases interchangeably." (citing Talen's Landing, Inc. v. M/V Venture, II, 656 F.2d 1157, 1160-62 (5th Cir. 1981) (admiralty case); Baker v.

4

Raymond Int'l, Inc., 656 F.2d 173, 179-81 (5th Cir. 1981) (admiralty and Jones act case))); *see also* Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc., 160 F.3d 170, 174 (4th Cir. 1998) ("[I]n an admiralty case, a court applies federal common law and can look to state law in situations where there is no admiralty rule on point.").

B.  Discussion

Under the alter ego doctrine, a court may pierce the corporate veil when "the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice." BMC Software Belguin, N.V. v. Marchand, 83 S.W.3d 789, 799 (Tex. 2002); *see also* Gardemal v. Westin Hotel Co., 186 F.3d 588, 593 (5th Cir. 1999) (holding that one corporation may be held liable for the acts of another corporation "when the subject corporation is organized or operated as a mere tool or business conduit" and there is such unity between the two corporations that holding only the subject corporation liable would result in injustice); *cf.* Talens Landing, 656 F.2d at 1160 (same).

In United States v. Jon-T Chemicals, Inc., the Fifth Circuit outlined factors "in lieu of articulating a coherent doctrinal basis for the alter ego theory." 768 F.2d 686, 691 (5th Cir.

1985).[7] Additionally, "[f]raud is an essential element of an alter ego finding." Id. at 692 (citing Edwards Co., Inc. v. Monogram Indus., Inc., 730 F.2d 977, 980-81 (5th Cir. 1984)); *see also* M/G Transport Servs., Inc. v. Dearing, 1997 WL 539884, at *2 (E.D. La. 1997) (sitting in admiralty jurisdiction and finding that fraud is an essential element of an alter ego claim where the claim is based on a contract) (citations omitted).

In the corporate-veil context, fraud generally involves "dishonesty of purpose or intent to deceive." Castleberry v. Branscum, 721 S.W.2d 270, 273 (Tex. 1986), *superseded in part by* Tex. Bus. Corp. Act Ann. art. 2.21(A)(2) (imposing actual fraud requirement); *see also* Rimade Ltd. v. Hubbard Enters., Inc., 388 F.3d 138, 143 (5th Cir. 2004) (describing actual fraud more narrowly as a "misrepresentation of a material fact with intention to induce action or inaction, [and] reliance on the misrepresentation by a person who, as a result of such reliance, suffers injury." (internal quotations omitted)).

Whether corporations are alter egos of each other such that a court may pierce the corporate veil is a fact-intensive inquiry. Jon-T Chems., 768 F.2d at 694. While Plaintiff alleges some facts

---

[7] The factors include, *inter alia*, whether there is common stock ownership, directors or officers, and business departments; and whether the entities file consolidated financial statements, one entity caused the incorporation of the subsidiary, or the subsidiary operates with grossly inadequate capital. *See* Jon-T Chems., 768 F.2d at 691-92.

to suggest an overlap in ownership, leadership, office equipment, and support systems, Defendants correctly argue that Plaintiff "does not allege 'fraudulent purposes, illegality, or wrongdoing' or that disregard of Team Ocean's corporate entity is 'required in the interest of justice.'"[8]  Indeed, Plaintiff has not alleged facts from which to infer that Team Worldwide used Team Ocean to perpetrate a fraud upon Plaintiff, or that Team Worldwide's affiliation with Team Ocean was a corporate structure that Defendants "abused to perpetrate a fraud" upon Plaintiff with regard to the alleged contract of affreightment. *See* Castleberry, 721 S.W.2d at 273.  Under Rule 9(b), allegations of fraud must be plead with particularity.  The Supreme Court of Texas in SSP Partners v. Gladstrong Invs. (USA) Corp., applying Castleberry, summarized that to hold one corporation liable for another's obligations, there must be more than "centralized control, mutual purposes, and shared finance,"--or, as alleged here, the mere use of common email addresses, fax machine, and letterhead.  Rather, there must be alleged specific kinds of abuse

> [s]pecifically identified, that the corporate structure
> should not shield--fraud, evasion of existing obliga-
> tions, circumvention of statutes, monopolization,
> criminal conduct, and the like.  Such abuse is necessary
> before disregarding the existence of a corporation as a
> separate entity.  Any other rule would seriously
> compromise what we have called a "bedrock principle of
> corporate law"--that a legitimate purpose for forming a

---

[8] Document No. 24 at 4.

corporation is to limit individual liability for the corporation's obligations.

SSP Partners v. Gladstrong Invs. (USA) Corp., 275 S.W.3d 444, 455 (Tex. 2008) (citation omitted). Plaintiff has not pled fraud of that kind and character such as to state a claim against Defendant Team Worldwide under an alter ego theory.

Nonetheless, the Court will permit Plaintiff an opportunity to amend its complaint to comply with federal pleading requirements. *See* Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

## IV. Order

Accordingly, it is

ORDERED that Defendants Team Ocean Services, Inc.'s and Team Worldwide, Inc.'s Motion to Dismiss (Document No. 12) is GRANTED in part as to Team Worldwide, Inc., and is otherwise DENIED. It is further

ORDERED that Plaintiff's claims against Defendant Team Worldwide, Inc. are DISMISSED without further order of the Court

8

unless Plaintiff, within fourteen (14) days after the date of this Order, files a more definite statement in the form of a Second Amended Complaint that states a cause of action against Team Worldwide, Inc., upon which relief can be granted, and which fully complies with Rules 8, 9(b), and 11(b).

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 31st day of August, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE